# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
FRANTZ MOLEON,

        Plaintiff,  **VERIFIED AMENDED COMPLAINT WITH JURY DEMAND**

  -against-

     **Index No.: 159010/2021**

SP PLUS CORPORATION,

        Defendant.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. Plaintiff Frantz Moleon (Plaintiff or Mr. Moleon) has commenced this action pursuant to the American with Disabilities Act (ADA) 42 USC 12117, New York State Executive Law 291 et seq. (NYSHRL), New York City Human Rights New York Administrative Code 8-102 (NYCHRL) because Plaintiff was terminated from his employment due to his disability including a failure to reasonably accommodate Plaintiff, retaliation and violating NYS Labor Law 162. Defendant SP Plus Corporation (Defendant) also violated appliable OSHA regulations.

2. This action seeks declaratory relief, equitable relief, back pay, compensatory damages, punitive damages, and attorneys' fees.

## THE PARTIES

3. Plaintiff Frantz Moleon ("Plaintiff Moleon") is a resident of the State of New Jersey. At all relevant times, Plaintiff Moleon commuted by public transportation and worked in New York City.

4. Plaintiff Moleon commenced his employment with Defendant SP Plus, Corp as a garage attendant employee from about October 27, 2005, through the date of his wrongful discharge on or about October 8, 2020.

5. Plaintiff Moleon worked at Defendant SP Corp's various New York City locations for approximately fifteen (15) years. Plaintiff is an employee as defined by the ADA, 42 USC §12111(4), NYSHRL (NYS Executive Law 292-6), and NYCHRL (NYC Administrative Code 8-102). Plaintiff has a disability under the law to wit, diabetes. Additionally, Plaintiff has a physical impairment that substantially limits one or more major life activities, had a record of such an impairment, and was regarded as having such an impairment. The physical impairment caused him to have continence.

6. Defendant SP Plus Corp. is a Delaware Corporation authorized to do business in New York State. Upon information and belief, SP Corp. owns and operates parking garages at various locations in New York City, New York State, and multiple states across the United States.

7. Defendant is an employer within the meaning of the ADA, NYSHRL, and the NYCHRL and is a statutory defendant in that the Defendant employed Plaintiff and engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 42 USC §12111(5)(A) NYSHRL (NYS Executive Law 292-5) and (NYC Administrative Code 8-102).

**JURISDICTION**

8. The Court has concurrent jurisdiction over Defendant SP PLUS CORPORATION pursuant to 42 USC § 12117. Plaintiff has commenced this action pursuant to the ADA. Plaintiff duly filed a formal complaint with the EEOC, and a notice of right to sue letter was issued. This case was commenced within 90 days of receipt conferring concurrent jurisdiction

on this Court. (See Exhibit "A") In addition, this Court has jurisdiction under the NYS Executive Law 297 9 and the NYC Administrative Code 8-502.

## FACTUAL STATEMENT

9. Mr. Moleon was employed with Defendant as a garage attendant and performed his duties satisfactorily at all times relevant in the complaint.

10. During Mr. Moleon's approximately 15 years of employment with Defendant SP Corp., he only had one incident that caused an unfair "write-up" by an SP Corp supervisor against him in 2014. Plaintiff had worked an eight (8) hour shift continuously without a lunch break or any other break. At the end of Plaintiff's shift, a hotel requested that Plaintiff pick up a car. Because Plaintiff was exhausted and in need of a break, he requested another employee to pick up the vehicle. The supervisor, however, was not satisfied and submitted an employee "write up" about Plaintiff to SP Corp and Local 272. The write-up was unjustified because SP Corp. unreasonably requested Plaintiff, at the end of his eight (8) hour work shift, to work additional hours when he had no break during the 8-hour shift. Otherwise, Plaintiff did not have any pattern of misconduct on the job.

11. Since about 2006, Plaintiff Moleon was diagnosed with diabetes, and his treatment required daily injections of insulin.

12. Plaintiff Moleon's work schedule was from 3:00 pm to 11:00 pm for eight years before the onset of the COVID 19 pandemic in late March 2020. This regular schedule allowed him to inject daily insulin at home so that no workplace accommodations for insulin injections were necessary, and Plaintiff worked his shifts without incident.

13. Due to his diabetic condition, as with most people afflicted with Diabetes, Plaintiff experienced intense needs to empty his bladder. An unreasonable and prolonged holding of his bladder can cause a loss of bladder control.

14. Moreover, Plaintiff did not request any accommodation beyond what all employees should have been given, at least one break per eight-hour work shift and with reasonable access to a lavatory.

15. Since about late March 2020, at the onset of COVID-19 shutdowns, Plaintiff's anxiety and stress grew and ultimately resulted in his medical diagnosis of high blood pressure after the October 1, 2020 incident.

16. After working the same 3:00 pm and 11:00 pm work shift for approximately eight years, Plaintiff's hours were suddenly and consistently reduced and given to another worker with less seniority in violation of the seniority provisions of the CBA. Additionally, Plaintiff was suddenly assigned to short-term temporary jobs at up to six (6) different worksites in one day when SP Corp and Local 272 knew that he did not have public transportation access to those sites or timely access to those sites.

17. On or about May 6, 2020, due to his diabetes, Plaintiff asked for a reasonable accommodation. Plaintiff was advised not to take any breaks. If he took a break, it would be considered a serious infraction. (Plaintiff had been disciplined once before for taking a break in 2014. Therefore, he requested to be allowed to take at least one break as a reasonable accommodation.

18. On May 14, 2020, Plaintiff was informed that he had to work the overnight 11 pm to 7 am shift. Due to his disability, Plaintiff requested a reasonable accommodation to allow him to maintain working from 3:00 pm to 11:00 pm.

19. Plaintiff's request was made because of his diabetes. Accordingly, he advised Defendant that he has been insulin-dependent for fourteen years and therefore has a medical necessity in

which he must take medication on schedule. To abruptly stray from that schedule can make it difficult to control his blood sugar level, as it would be a discomfited change at work and home.

20. Along with his request for a reasonable accommodation, Plaintiff submitted a medical note from his physician, Dr. Ruby Saluja, MD, which stated in relevant part: "Moleon is our patient since 2006. He suffers from insulin-dependent Diabetes which is well controlled currently due to his consistent work schedule. Working overnight would adversely affect his sleep schedule and diabetes control."

21. On or about Saturday, May 30, 2020, Plaintiff Moleon was assigned to a new worksite located at 303 Sands Street, Brooklyn, NY, which lacked several basic accommodations that employees should have. Plaintiff Moleon had no access to an employee room to take a break or to administer his medication for his diabetes. Due to Plaintiff's disability and dietary restrictions, Plaintiff was required to bring food from home, but the worksite failed to provide a refrigerator to keep it cool or a way to heat it, so it sat in a bag for several hours in the booth where he sat. There was only one bathroom that was used by another company's security staff and two other companies. Only one employee worked on Plaintiff Moleon's shift, and there were no relief provisions to take any breaks.

22. Further, he would have an 8-10-minute walk between his two assigned locations, having to walk multiple times throughout the evening between both Brookfield 200 Liberty Street and 250 Vesey Street. He was also assigned the duty of traveling on foot to take cars to and from three different hotels, Courtyard Marriott, Fairfield, and Club Quarters, and to complete billing for all three hotels, as well as take car inventory for Vesey, Liberty and the hotel locations, so breaks were impossible. Accordingly. Plaintiff requested an accommodation to be allowed to take a break when working for a total of eight hours to go to the bathroom and to take insulin medication.

23. On or about October 1, 2020, Plaintiff was not provided with a break or relief to go to the lavatory.

24. Defendants SP Corp. was aware of his medical condition, and that access to a lavatory was essential.

25. OSHA rules and regulations 29 CFR 1910.141(c) (1) (i) requires "toilet facilities,… in all places of employment in accordance with Table J-1 of this section…." Table J-1 requires one toilet for approximately every 20 employees at an employer's worksite. In OSHA's 1998 memorandum, the background for this federal regulation was set forth as follows: "This memorandum explains OSHA's interpretation that this standard [29 CFR 1910.14(c)(1)(i)] requires employers to make toilet facilities available so that employees can use them when they need to do so. The employer may not impose unreasonable restrictions on employee use of the facilities….Medical studies show the importance of regular urination…Adverse health effects that may result from voluntary urinary retention include frequency of urinary tract infections…renal damage…constipation, abdominal pain, diverticula, and hemorrhoids…."

26. The lavatory at the subject worksite was one minute away from Plaintiff's parking lot booth or workstation. However, it was regularly locked, requiring a key. Moreover, the next available lavatory at Wegman's supermarket was approximately a 10-minute walk from Plaintiff's workstation that was unreasonable, especially if Plaintiff was not afforded any break time or had to use the lavatory with any urgency. Plaintiff was not provided any relief by a co-worker to leave his workstation or a lunch break to provide adequate time and access to a lavatory.

27. On October 1, 2020, Plaintiff's access was further delayed by Mr. Manning, who occupied the lavatory as Plaintiff desperately knocked on the door.

28. New York Labor Law §162 requires that employees "shall be allowed at least thirty minutes for the noonday meal." It further states, "Every person employed for a period or shift of more than six hours starting between the hours of one o'clock in the afternoon and six o'clock in the morning shall be allowed at least sixty minutes for a meal…at a time midway between the beginning and end of such employment." This law states, "all categories of workers are covered, including white-color management staff."

29. SP Corp denied Plaintiff during an 8-hour work shift a lunch, a break, and access to a lavatory.

30. At Plaintiff Moelon's worksite located at 250 Vesey St., New York, NY, Defendant provided access to a lavatory for Plaintiff Moleon to administer his medication; however, at 303 Sands Street, a lack of access to a lavatory was a major issue that resulted in his discharge pretextual reasons.

31. On or about October 1, 2020, during his work shift, Plaintiff Moleon was not afforded any lunch break, relief, or reasonable time to gain access to a lavatory during his work shift. As a result, when Plaintiff Moleon could no longer tolerate an urgent need to empty his bladder, he went to the restroom closest to his workstation that approximately three different companies utilized.

32. The lavatory was locked because Mr. Manning occupied it. Plaintiff Moleon desperately knocked on the door to no avail. At this point, there was no other lavatory immediately accessible, and he waited for the occupant Manning to exit the bathroom. However, before Manning opened the lavatory door, Plaintiff Moleon had already lost control of his bladder. Without knowing the facts and circumstances as to Plaintiff's loss of bladder control, Manning began to berate Plaintiff Moleon maliciously and commanded him to clean up the urine, which Plaintiff Moleon promptly did as soon as he was directed to an available mop.

33. SP Corp. terminated Plaintiff based on this false accusation of "vandalism" and intentional public urination.

34. At all relevant times, Defendant was aware of Plaintiff's diabetic condition and need for lavatory breaks as well as the employer's unlawful conduct of denying a reasonable accommodation of lunch, workday breaks and access to a lavatory.

35. There were many days that Mr. Moleon worked in which he was extraordinarily uncomfortable and in great distress due to the failure to accommodate Plaintiff by not allowing him to go to the bathroom.

36. Under the unlawful conditions set by the employer for failing to provide breaks and access to a lavatory, Plaintiff experienced uncontrollable bladder loss due to his diabetic disease.

37. An objectively reasonable person would find that Defendant's conduct was outrageous by accusing Plaintiff of "intentionally urinating in public" and "vandalism" or "gross misconduct" when the company violated the ADA, NYSHRL, NYCHRL OSHA, and NYS Labor Laws by not reasonably accommodating Mr. Moleon's disability.

38. The employer's actions are unconscionable by denying a diabetic employee breaks during the workday and access to a lavatory and then accusing the diabetic employee of intentional public urination for uncontrollable bladder loss when the employee desperately made attempted to gain access to a restroom.

39. The above-captioned conduct was done intentionally and was a willful, deliberate, and continuous pattern of harassment.

40. The conduct altered the conditions of Plaintiff's employment and was done due to Plaintiff's disability, asking for accommodations, and otherwise complaining about discrimination.

41. To the objective observer, the conditions created an abusive and hostile work environment.

42. To Plaintiff, the conditions created an abusive and hostile work environment.

43. Plaintiff has suffered significant psychological injury.

44. Based upon the foregoing, Plaintiff was subjected to a hostile work environment and disparate treatment by reason of his disability, perceived disability, denying a reasonable accommodation and retaliation for requesting an accommodation, and otherwise complaining about discrimination.

45. It has been necessary for Plaintiff to engage the services of an attorney to file and prosecute this action and thus also request attorney's fees.

## AS AND FOR A FIRST CAUSE OF ACTION
## ADA-DISABILITY DISCRIMINATION

46. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. Plaintiff is an employee within the meaning of the Americans with Disabilities Act 42 USC 12112.

48. Plaintiff has a disability within the meaning of the ADA.

49. Defendant is an employer within the meaning of the ADA.

50. Defendant violated the ADA by subjecting Plaintiff to disparate treatment, a hostile work environment, and discriminatory treatment due to his disability and perceived disability.

51. As a result of the willful activities of Defendant, Plaintiff has been deprived of equal employment opportunities based upon his disability and perceived disability discrimination in violation of the Americans with Disabilities Act 42 USC 12112. Accordingly, as a result of Defendant violating the ADA, Plaintiff has been damaged.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## ADA-REASONABLE ACCOMMODATION

52. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. Despite Plaintiff's disability, with a reasonable accommodation, a reasonable break and lunch, and reasonable access to the bathroom, Plaintiff can perform the essential functions of his job.

54. Plaintiff requested from Defendant a reasonable accommodation, and Defendant failed to reasonably accommodate Plaintiff, even though Plaintiff provided proper medical documentation.

55. Reasonably accommodating Plaintiff would not have been an undue hardship on Defendant. Plaintiff would have been able to perform the essential functions of his position with the accommodation.

As a result of the willful activities of Defendant, Plaintiff has been deprived of equal employment opportunities based upon a failure to accommodate in violation of the Americans with Disabilities Act 42 USC 12112. Accordingly, as a result of Defendant violating the ADA, Plaintiff has been damaged.

## AS AND FOR A THIRD CLAIM FOR RELIEF ADA-RETALIATION

56. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. Plaintiff engaged in protected activity as defined by the ADA as delineated above. Defendant retaliated against Plaintiff because of his complaints regarding his opposition to discrimination. Thus, Defendant acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights.

58. As a result of the willful activities of Defendant, Plaintiff has been deprived of

equal employment opportunities based upon retaliation in violation of the Americans with Disabilities Act 42 USC 12112. Accordingly, as a result of Defendant violating the ADA, Plaintiff has been damaged.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## ADA-FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

59. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. Defendant refused to enter into an interactive process of negotiation in violation of the ADA. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights.

61. As a result of the willful activities of Defendant, Plaintiff has been deprived ofequal employment opportunities based upon his disability, perceived disability, and retaliation in violation of the Americans with Disabilities Act 42 USC 12112. Accordingly, as a result of Defendant violating the ADA, Plaintiff has been damaged.

## AS AND FOR A FIFTH CAUSE OF ACTION-NYS EXECUTIVE LAW
## DISABILITY DISCRIMINATION

62. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. As a result of the foregoing, Defendant violated NYS Executive Law § 296 by subjecting Plaintiff to discrimination (hostile work environment and disparate treatment) based on Plaintiff's disability and perceived disability. Accordingly, as a result of Defendant violating the Executive Law plaintiff has been damaged.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
## NYS EXECUTIVE LAW-RETALIATION

64. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. As a result of the foregoing, Defendant violated NYS Executive Law § 296 by subjecting Plaintiff (hostile work environment and disparate treatment) due to retaliation. As a result of Defendans violating the Executive Law, Plaintiff has been damaged.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## NYS EXECUTIVE LAW-FAILURE TO REASONABLY ACCOMMODATE

66. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. As a result of the foregoing, Defendant violated NYS Executive Law § 296 by failing to reasonably accommodate Plaintiff. As a result of Defendant violating the Executive Law, Plaintiff has been damaged.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## NYS EXECUTIVE LAW-INTERACTIVE PROCESS

68. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. As a result of the foregoing, Defendant violated NYS Executive Law § 296 by failing to engage Plaintiff in an interactive process. As a result of Defendant violating the Executive Law, Plaintiff has been damaged.

## AS AND FOR A NINTH CAUSE OF ACTION
## NYC ADMINISTRATIVE CODE-DISABILITY DISCRIMINATION

70. Plaintiff repeats, reiterate, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. As a result of the foregoing, Defendant violated the Administrative Code of the City of New York § 8-107 by subjecting Plaintiff to discrimination (hostile work environment and disparate treatment) due to his disability and perceived disability. As a result of Defendant violating the Administrative Code, Plaintiff has been damaged.

### AS AND FOR A TENTH CAUSE OF ACTION
### NYC ADMINISTRATIVE CODE-RETALIATION

72. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein. As a result of the foregoing, defendant violated Administrative Code of the City of New York § 8-107 by subjecting Plaintiff (hostile work environment and disparate treatment) due to retaliation. As a result of Defendants violating the NYC Administrative Code, Plaintiff has been damaged.

### AS AND FOR AN ELEVENTH OF ACTION
### NYC ADMINISTRATIVE CODE-FAILURE TO REASONABLY ACCOMMODATE

73. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. As a result of the foregoing, Defendant violated the Administrative Code of the City of New York' 8 107 by failing to reasonably accommodate plaintiff. As a result of Defendant violating the NYC Administrative Code, plaintiff has been damaged.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### NYC ADMINISTRATIVE CODE-INTERACTIVE PROCESS

75. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76. As a result of the foregoing, Defendant violated Administrative Code of the City of New York' 8 107 by failing to engage Plaintiff in an interactive process in an effort to accommodate Plaintiff. As a result of Defendant violating the NYC Administrative Code, Plaintiff has been

damaged.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by a jury of all issues and claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Compensatory damages including emotional distress, and loss of Pay;

2. Damages to Plaintiff's reputation;

3. Other damages including restoration of lost benefits;

4. Attorney fees and costs, cannot yet be determined;

5. Punitive damages in an amount to be determined.

6. Any other relief that is just and equitable.

Dated: New York, New York
October 26, 2021

STEWART LEE KARLIN
LAW GROUP, PC.

 s/Stewart Lee Karlin
STEWART LEE KARLIN, ESQ.
Attorneys for Plaintiff
111 John St., 22nd Floor
New York, NY 10038
(212) 792-9670

# **VERIFICATION**

STATE OF NEW YORK    )

COUNTY OF NEW YORK)    ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated:  New York, New York
             October 26, 2021

                                           s/ Stewart Lee Karlin
                                           STEWART LEE KARLIN, ESQ.

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the CPLR:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       October 26, 2021

s/Stewart Lee Karlin<br>
STEWART LEE KARLIN, ESQ.